UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTELLICHECK MOBILISA, INC., <br><br> Plaintiff, <br><br> v. <br><br> HONEYWELL INTERNATIONAL INC., <br><br> Defendant. | CASE NO. C16-0341JLR <br><br> ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT |

## I. INTRODUCTION

Before the court is Plaintiff Intellicheck Mobilisa, Inc.'s ("Intellicheck") motion pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file a second amended complaint. (Mot. (Dkt. # 57).) Having reviewed the submissions of the parties, the balance of the record, and the applicable law, the court GRANTS Intellicheck's motion. Intellicheck must file its second amended complaint (Dkt. # 57-1) no later than seven (7) days after the entry of this order.

ORDER - 1

## II. BACKGROUND

Intellicheck filed its original complaint on March 7, 2016, against Defendant Honeywell International, Inc. ("Honeywell") alleging various counts of patent infringement under theories of direct, induced, and contributory infringement. (*See generally* Compl. (Dkt. # 1).) Honeywell moved to dismiss Intellicheck's induced and contributory infringement claims. (MTD (Dkt. # 25) at 2-3.) Subsequently, Intellicheck amended its complaint (FAC (Dkt. # 30)), which Honeywell again challenged in a motion to dismiss, this time attacking all asserted claims (2d MTD (Dkt. # 37) at 1-4).

The parties then filed a stipulated motion to temporarily stay the matter and extend the trial date for six months to explore the possibility of settlement. (Stip. Mot. (Dkt. # 48) at 1-2.) The court declined to stay the case but extended the trial date as requested and denied Honeywell's pending motions as moot without prejudice to renew those motions at a later date. (Order (Dkt. # 49) at 1-2.) During the ensuing period, the parties engaged in negotiations but ultimately failed to reach a settlement. (Sanks Decl. (Dkt. # 58) ¶ 2.) The discovery cut-off set by the court is not until March 30, 2018, and trial is scheduled to commence on September 10, 2018. (Min. Order (Dkt. # 50) at 1-2.)

Intellicheck now petitions the court for leave to file a second amended complaint, seeking to (1) add factual contentions in response to new deficiencies allegedly raised by Honeywell for the first time during negotiations; and (2) remove its five counts of contributory infringement. (Mot. at 2; *see also* SAC (Dkt. # 57-1).) Honeywell opposes the motion, arguing that the new deficiencies asserted by Intellicheck had already been raised in its motions to dismiss. (Resp. (Dkt. # 61) at 3-7.)

## III.  ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that, after the initial period for amendments as of right, pleadings may be amended only with the opposing party's written consent or by leave of court.  Fed. R. Civ. P. 15(a)(2).  Generally, "the court should freely give leave [to amend pleadings] when justice so requires."  *Id.*  This rule should be interpreted and applied with "extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  The court ordinarily considers five factors when determining whether to grant leave to amend a complaint:  "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint."  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  The third factor, prejudice to the opposing party, is the "touchstone of the inquiry under rule 15(a)."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The burden is on the party opposing amendment to show that amendment is not warranted.  *Wizards of the Coast, LLC v. Cryptozoic Entm't, LLC*, 309 F.R.D. 645, 649 (W.D. Wash. 2015).

Beginning with the "touchstone" of the inquiry, the court concludes that the prejudice factor weighs in favor of amendment.  Honeywell asserts only that allowing Intellicheck to amend its complaint once more "would result in Honeywell incurring the cost of having to draft a third motion to dismiss."  (Resp. at 9.)  This assertion is insufficient to establish prejudice.  If Intellicheck had sought to amend its complaint in a manner that would put Honeywell through "the time and expense of continued litigation on a new theory, with the possibility of additional discovery," then it is conceivable that

## III.  ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that, after the initial period for amendments as of right, pleadings may be amended only with the opposing party's written consent or by leave of court.  Fed. R. Civ. P. 15(a)(2).  Generally, "the court should freely give leave [to amend pleadings] when justice so requires."  *Id.*  This rule should be interpreted and applied with "extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  The court ordinarily considers five factors when determining whether to grant leave to amend a complaint:  "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint."  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  The third factor, prejudice to the opposing party, is the "touchstone of the inquiry under rule 15(a)."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The burden is on the party opposing amendment to show that amendment is not warranted.  *Wizards of the Coast, LLC v. Cryptozoic Entm't, LLC*, 309 F.R.D. 645, 649 (W.D. Wash. 2015).

Beginning with the "touchstone" of the inquiry, the court concludes that the prejudice factor weighs in favor of amendment.  Honeywell asserts only that allowing Intellicheck to amend its complaint once more "would result in Honeywell incurring the cost of having to draft a third motion to dismiss."  (Resp. at 9.)  This assertion is insufficient to establish prejudice.  If Intellicheck had sought to amend its complaint in a manner that would put Honeywell through "the time and expense of continued litigation on a new theory, with the possibility of additional discovery," then it is conceivable that

## III.  ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that, after the initial period for amendments as of right, pleadings may be amended only with the opposing party's written consent or by leave of court.  Fed. R. Civ. P. 15(a)(2).  Generally, "the court should freely give leave [to amend pleadings] when justice so requires."  *Id.*  This rule should be interpreted and applied with "extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  The court ordinarily considers five factors when determining whether to grant leave to amend a complaint:  "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint."  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  The third factor, prejudice to the opposing party, is the "touchstone of the inquiry under rule 15(a)."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The burden is on the party opposing amendment to show that amendment is not warranted.  *Wizards of the Coast, LLC v. Cryptozoic Entm't, LLC*, 309 F.R.D. 645, 649 (W.D. Wash. 2015).

Beginning with the "touchstone" of the inquiry, the court concludes that the prejudice factor weighs in favor of amendment.  Honeywell asserts only that allowing Intellicheck to amend its complaint once more "would result in Honeywell incurring the cost of having to draft a third motion to dismiss."  (Resp. at 9.)  This assertion is insufficient to establish prejudice.  If Intellicheck had sought to amend its complaint in a manner that would put Honeywell through "the time and expense of continued litigation on a new theory, with the possibility of additional discovery," then it is conceivable that

leave to amend would cause undue prejudice. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). But Intellicheck does not seek to assert new theories of litigation. (*See generally* SAC.) In fact, it seeks the opposite—to remove five counts from its complaint. (*See* Mot. at 2; SAC at 15-17, 27-29, 35-37, 44-46, 52-54.) And as noted above, Honeywell has ample time to combat the additional factual allegations Intellicheck would raise in a second amended complaint, as the discovery cutoff is not for another six months and trial is over a year away. (*See* Min. Order at 1-2.)

Nor is there evidence of bad faith on the part of Intellicheck that would counsel denial of leave to amend. Honeywell contends that Intellicheck should have known about the deficiencies in its amended complaint and that Intellicheck offers no reason "why it has taken over a year for it to seek leave to amend allegations." (Resp. at 6.) But "delay alone does not amount to bad faith." *Wizards of the Coast*, 309 F.R.D. at 651. And there is simply no evidence that Intellicheck "act[ed] with intent to deceive, harass, mislead, delay, or disrupt." *See id.* Even accepting Honeywell's assertion that Intellicheck "should be more than aware" of the deficiencies (Resp. at 6), "'bad faith' means more than acting with bad judgment or negligence,'" *see Wizards of the Coast*, 309 F.R.D. at 651.

Moreover, leave to amend would cause no undue delay. Undue delay is considered in the context of (1) the length of the delay from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991). Intellicheck argues that it learned of relevant facts on April 3, 2017, during settlement negotiations, when

Honeywell asserted that the amended complaint failed to allege product markings (Mot. at 3; Sanks Decl. ¶ 3), whereas Honeywell insists that Intellicheck was already aware of this deficiency because it had been raised in previous motions to dismiss (Resp. at 4-5). The court agrees with Intellicheck. Although previous motions to dismiss have argued the issue of knowledge generally, these motions did not touch on the specific issue of markings. (*See* MTD at 2-3; 2d MTD at 3.) Honeywell did not raise this exact issue until April 3, 2017, when it stated that the amended complaint "does not allege marking any tangible products" and thus, pursuant to the actual notice requirements of 35 U.S.C. § 287(a), cannot sustain the recovery of full damages. (*See* Yohannan Decl. (Dkt. # 62) Ex. A at 8-9). Seeking leave to amend three-and-a-half months after Honeywell pointed out the deficiency does not constitute undue delay, especially when discovery has not yet closed and the trial is more than a year away.

Additionally, leave to amend would not be futile. A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Denials based upon futility are rare. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). In its futility argument, Honeywell merely asserts that the second amended complaint fails to meet pleading standards. (Resp. at 7.) This challenge related to the sufficiency of the proposed second amended complaint, even if merited, remains better left for full briefing on a dispositive motion to dismiss. *See Pilavskaya v. Henderson*, No. CV 11-4075 CAS (Ex), 2012 WL 3279517, at *5 (C.D.

//

Cal. Aug. 9, 2012) ("Whether . . . claims are properly pled is better left for a motion to dismiss.").

Honeywell is correct that Intellicheck has previously amended its complaint, the final factor for consideration under Rule 15(a). (*See* Resp. at 3.) A district court's discretion to deny amendment is "particularly broad" when a plaintiff has already had one or more opportunities to amend. *Ascon Props.*, 866 F.2d at 1160. But a previous amendment is not dispositive, *see Wizards of the Coast*, 309 F.R.D. at 654, and it alone cannot outweigh the other factors here—particularly the lack of prejudice—that favor amendment. Because the court should freely grant leave to amend under Rule 15(a)(2), and Honeywell establishes neither prejudice nor a strong showing of any other factor compelling against the amendment, the court grants Intellicheck's motion for leave to amend.

### IV. CONCLUSION

Based on the foregoing, the court GRANTS Intellicheck's motion for leave to file a second amended complaint (Dkt. # 57), and authorizes Intellicheck to file a second amended complaint in the form attached as Exhibit 1 to the motion (Dkt. #57-1) within seven (7) days of the entry of this order.

Dated this 30th day of August, 2017.

JAMES L. ROBART
United States District Judge