# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| INTELLICHECK MOBILISA, INC., | CASE NO. C16-0341JLR |
| Plaintiff, | ORDER DENYING DISCOVERY MOTIONS |
| v. | |
| HONEYWELL INTERNATIONAL INC., | |
| Defendant. | |

## I. INTRODUCTION

Before the court are (1) Plaintiff Intellicheck Mobilisa, Inc.'s ("Intellicheck") motion to compel production of documents (MTC (Dkt. # 59)); and (2) Defendant Honeywell International Inc.'s ("Honeywell") second motion for a protective order (2d MFPO (Dkt. # 66)). Specifically, Intellicheck seeks the production of documents responsive to its First Requests for Production of Documents ("RFP") (MTC at 1), while Honeywell seeks to prevent Intellicheck from obtaining discovery at this time (2d MFPO

ORDER - 1

at 1). The court has considered both motions, all submissions filed in support of and in opposition to the motions, the balance of the record, and the relevant law. Neither party has requested oral argument. Being fully advised, the court DENIES both motions.

## II. BACKGROUND

This is a patent infringement case that has been ongoing since March of 2016, and yet remains at the pleading stage. (*See* Compl. (Dkt. # 1) at 1.) Intellicheck commenced this action on March 7, 2016 (*see id.*), and Honeywell moved to partially dismiss the complaint on June 2, 2016 (MTD (Dkt. # 25)). In response, on June 20, 2016, Intellicheck filed an amended complaint (Am. Compl. (Dkt. # 30) at 1), which rendered Honeywell's motion to dismiss moot (6/28/16 Order (Dkt. # 34) at 1-2). Honeywell then filed a motion to dismiss the amended complaint on July 8, 2016. (2d MTD (Dkt. # 37).)

Around the same time, Intellicheck initiated discovery. In July of 2016, Intellicheck sent Honeywell 79 requests for admissions ("RFAs") (RFA (Dkt. # 65-1) at 4-8), and followed up a week later with 51 requests for production of documents (RFP (Dkt. # 60-1) at 6-12). Intellicheck sought copies of "any and all product manuals, specifications, schematics, manuals, drawings, guides, instructions and other documents describing the functionality" of various Honeywell products. (*Id.* at 6.) It also demanded any document identified in Honeywell's initial disclosure or in Honeywell's responses to the RFAs (*id.* at 7); physical copies of the accused products and accompanying software plug-ins, packaging, instructions, guides or labels (*id.* at 7-8); all documents and communications relating to the predecessor of Intellicheck (*id.* at 8); all documents related to the patents-in-suit (*id.* at 8-9); and all documents relating to opinions of counsel

ORDER - 2

about the patents-in-suit (*id.* at 9). Intellicheck additionally sought all documents related to infringement, including information regarding prior art, the obviousness of any subject matter claimed, why the accused product may or may not infringe, Honeywell's awareness of the patents, any attempts to design or modify the products, and other marketing and sales information. (*Id.* at 9-11.) Lastly, Intellicheck requested any and all documents provided by certain individuals to Honeywell in reference to Intellicheck or the patents at issue. (*Id.* at 11-12.)

These actions prompted Honeywell to file its first motion for a protective order, asserting that Intellicheck's attempt to obtain discovery constituted a "fishing expedition" inconsistent with Federal Rules of Civil Procedure 1 and 11. (MFPO (Dkt. # 39) at 1.) Honeywell also served Intellicheck with numerous general and specific objections to the RFPs in August of 2016. (*See generally* Resp. to RFP (Dkt. # 65-3).) For instance, Honeywell objected generally to the RFPs "to the extent they seek production of electronically stored information and trade secret, proprietary business information or other confidential information" (*id.* at 2) and "to the extent they call for the production of documents and information not in Honeywell's care, custody or control" (*id.* at 3). Honeywell further objected specifically to each RFP, including objections that individual requests were "overly broad," "unduly burdensome," "contrary to Federal Rule of Civil Procedure 26(b)(1)'s proportionality limitations," "call[ing] for the production of information protected from disclosure by the attorney-client privilege," or "calling for the production of information that is available in the public domain." (*E.g., id.* at 13-14.)

//

While both Honeywell's motion to dismiss and motion for a protective order were pending, the parties jointly moved to stay proceedings and extend the case schedule so that they could explore settlement options. (Stip. Mot. (Dkt. # 48) at 1-2.) The court extended the case deadlines but declined to stay the case, and accordingly denied Honeywell's two pending motions as moot, without prejudice to renewing them at a later date. (10/28/16 Order (Dkt. # 49) at 1-2.)

Negotiations between the two parties broke down in May of 2017, and Intellicheck requested leave to file a second amended complaint.[1] (MTA (Dkt. # 57).) Around the same time, Intellicheck requested that Honeywell produce documents responsive to the RFPs that were previously served. (Davis Decl. (Dkt. # 60) ¶ 5.) However, Honeywell produced no documents. (*Id.* ¶ 6.) The parties, in compliance with Federal Rule of Civil Procedure 37(a) and Local Civil Rule 37(a)(1), held a conference on July 24, 2017, to discuss this matter. (*Id.* ¶ 7); *see also* Fed. R. Civ. P. 37(a)(1); Local Rules W.D. Wash. LCR 37(a)(1). They were unable to come to an agreement regarding any of the 51 RFPs: Honeywell informed Intellicheck that it would not be producing the requested documents and that it would instead be renewing its motion for a protective order. (Davis Decl. ¶ 7.)

A few days later, Intellicheck filed its motion to compel production of documents. (MTC at 1.) Honeywell then filed its second motion for a protective order. (2d MFPO at 1.) The court considers each motion in turn.

//

---

[1] The court granted this motion on August 30, 2017 (8/30/17 Order (Dkt. # 73)), and Intellicheck filed its second amended complaint against Honeywell on September 6, 2017 (SAC (Dkt. # 74)).

ORDER - 4

## III. ANALYSIS

### A. Intellicheck's Motion to Compel

Intellicheck asserts that it seeks documents that are relevant to the parties' claims and defenses, proportional to the needs of the case, and are neither privileged nor subject to the work product immunity. (MTC at 2-3.) Moreover, it argues that discovery should not be stayed simply because Honeywell may be filing a motion to dismiss in the future, as a stay of discovery pending a motion to dismiss should not be entered if the motion would not be dispositive of the entire case. (*Id.* at 3.)

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1). The moving party bears the burden of demonstrating that the information it seeks is relevant and that the responding party's objections lack merit. *See Bluestone Innovations LLC v. LG Elecs., Inc.*, No. C-13-01770-SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). The party must therefore "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Hancock v. Aetna Life Ins. Co.*, --- F. Supp. 3d ---, 2017 WL 3085744, at *4 (W.D. Wash. July 20, 2017) (quoting *Adams v. Yates*, No. 1:10-cv-0671-AWI-MJS, 2013 WL 5924983, at *1 (E.D. Ca. Nov. 1, 2013)).

Intellicheck's motion to compel is incomplete, and as such, inadequate. Intellicheck does not inform the court why the information sought in each disputed RFP

is relevant; it simply asserts that it generally "seek[s] only material relevant to the parties' claims and defenses" without specifically addressing any of the information sought in the fifty-plus RFPs. (MTC Reply (Dkt. # 68) at 2; *see generally* MTC.) In fact, aside from an admission in a footnote that RFP 27 is premature (MTC at 3 n.1) and a quotation of RFP 8 in a parenthetical (MTC Reply at 2), Intellicheck does not explicitly mention any of the other RFPs, or the information they seek, in its motion to compel briefing (*see generally* MTC; MTC Reply).

Nor does Intellicheck explain why Honeywell's voluminous objections to the RFPs are not meritorious. Intellicheck claims that "the only objections that Honeywell has asserted . . . are the ones it raised in its former Motion for Protective Order, which the [c]ourt has denied as moot." (MTC at 3 (internal citations omitted).) But this claim flies in the face of the 42 pages of objections that Honeywell served on Intellicheck in response to the RFPs. (*See generally* Resp. to RFP.) Intellicheck ignores the bulk of Honeywell's objections in its motion to compel, saying nothing about Honeywell's concerns regarding proportionality, privileged information, work product, and the availability of requested information in the public domain. (*See* MTC; MTC Reply.)[2] Thus, Intellicheck provides the court with no information on why it believes Honeywell's many objections to be inadequate.

---

[2] Intellicheck concedes that it does not address any of Honeywell's individualized objections, but argues that those objections are irrelevant because "[it] is unaware of any documents Honeywell actually withheld based on those objections." (MTC Reply at 4.) To the contrary, those objections form the crux of a motion to compel, *see Hancock*, 2017 WL 3085744, at *4, and Intellicheck cannot excuse itself from addressing them simply because it finds them irrelevant.

ORDER - 6

1    Without such information, the court is not in a position to ascertain whether the
2 information Intellicheck seeks is discoverable, or whether Honeywell's objections are
3 meritorious. Accordingly, the court DENIES Intellicheck's motion to compel without
4 prejudice to Intellicheck refiling the motion with the requisite information alluded to
5 above.

**B.    Honeywell's Renewed Motion for a Protective Order**

Honeywell moves for a protective order to prevent Intellicheck from obtaining discovery. First, it notes that Intellicheck is improperly utilizing discovery as a "fishing expedition" to obtain information that they could then use to bring a legally sufficient complaint. (2d MFPO at 7-11.) Second, Honeywell maintains that it will renew its motion to dismiss the entire case, thus potentially negating the need for any further discovery. (*Id.* at 11.) Third, it points out that Intellicheck's second amended complaint drops all counts of contributory infringement and thus should narrow the scope of the RFPs. (*Id.*) And lastly, Honeywell states that it has filed a petition for CBM review with the United States Patent and Trademark Office ("USPTO"), and it urges the court to delay discovery given the "extremely high likelihood some or all of the discovery will be mooted by the CBM proceedings." (*Id.* at 12.)

Intellicheck counters that a protective order is improper because Honeywell has failed to make a showing of good cause, as required by Federal Rule of Civil Procedure 26(c)(1). (2d MFPO Resp. (Dkt. # 71) at 3.) Intellicheck denies that the requested discovery is being utilized to supplement pleadings and maintains that all requested information is relevant to the suit. (*Id.* at 5-7.) Moreover, it purports that potential future

ORDER - 7

filings of motions to dismiss, or petitions for CBM review, do not constitute good cause. (*Id.* at 7-9.) Lastly, Intellicheck asserts that it would be prejudiced by a protective order because such an order would restrict "the time its experts have to analyze the relevant facts" and affect its ability to take depositions. (*Id.* at 9-10.)

On a showing of good cause, the court may issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). For good cause to exist, the party seeking the protective order must first show that it will suffer "specific prejudice or harm" if the court does not issue a protective order. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Miller v. York Risk Servs. Grp.*, No. CV-13-01419-PHX-JWS, 2014 WL 11515634, at *2 (D. Ariz. June 20, 2014) (stating that good cause is generally shown when disclosure would lead to "a clearly defined, specific and serious injury"). The showing must be particularized; "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)) (internal quotation marks omitted). If a court finds that particularized harm will result from disclosure, the burden then shifts to the nonmoving party "to show that disclosure is 'relevant and necessary' to the presentation of its case." *UCC Ueshima Coffee Co. v. Tully's Coffee Corp.*, No. C06-1604RSL, 2007 WL 710092, at *2 (W.D. Wash. Mar. 6, 2007) (quoting *Hartley Pen Co. v. U.S. Dist. Ct.*, 287 F.2d 324, 328 (9th Cir. 1961)). The court subsequently balances the

risk of disclosure against the risk that a protective order will impair prosecution or defense of the claims. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992); *UCC Ueshima Coffee Co.*, 2007 WL 710092, at *2.

Here, the inquiry ends at the first step, because Honeywell has failed to show that particularized harm will result from the production of documents. Honeywell first argues that Intellicheck is engaging in a fishing expedition to bolster its pleadings, and thus "good cause exists for postponing the date that Honeywell is required to produce documents." But beyond this general statement, Honeywell provides no particularized showing of the specific harm that would occur if the protective order is not issued. Instead, it recites only that Intellicheck's various iterations of its complaint are "deficient" (*see* 2d MFPO at 8-11), and thus presumably constitutes an undue burden or expense (*see* 2d MFPO Reply (Dkt. # 72) at 3). This "broad allegation[]" of harm, "unsubstantiated by specific examples or articulated reasoning," is insufficient to constitute good cause under Rule 26(c). *See In re Roman Catholic Archbishop*, 661 F.3d at 424. Accordingly, the court will not issue a protective order on this ground.[3]

The two cases that Honeywell relies upon do not change the court's analysis. At the outset, neither case dealt with the issuance of a protective order. *See In re.*

---

[3] Honeywell also asserts that several of Intellicheck's RFPs seek information in violation of Local Patent Rule 112. (2d MFPO at 9); Local Rules W.D. Wash. LPR 112. But Rule 112 does not directly bear on the need for a protective order. *See id.* LPR 112 (allowing party to object to discovery requests for certain categories of information "on the ground that they are premature"). And Honeywell does not articulate, beyond the fact that certain RFPs are premature, why production of those documents pursuant to the correct timetable would cause specific prejudice or harm. (*See* 2d MFPO; 2d MFPO Reply.) Thus, the fact that some RFPs may violate Rule 112 does not warrant a protective order.

ORDER - 9

*Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, No. 08-1905 (RHK/JSM), 2009 WL 294353, at *4 (D. Minn. Feb. 5, 2009); *Bergin v. Teamsters Local Union No. 77*, 2011 WL 486230, at *1 (E.D. Penn. Feb. 4, 2011). Thus, neither case underwent a Rule 26(c) analysis of good cause, particularized harm, or a balancing of the interests involved. *See id.* And neither case ultimately issued a protective order. *See id.*

Moreover, both cases involved situations where the operative complaint had already been deemed deficient. The *In re Medtronic* court had previously dismissed the complaint with prejudice, and because the plaintiffs "[had] failed to allege any viable causes of action," they were not permitted to obtain discovery. 2009 WL 294353, at *1-2. Similarly, in *Bergin*, the plaintiff conceded that she could not plead facts necessary to raise a plausible claim, and the court rejected her request to amend her complaint after seeking discovery. 2011 WL 486230, at *2. In those scenarios, where the complaint is unquestionably lacking, conducting discovery in hopes of finding a viable cause of action is improper. Here, by contrast, the court has not addressed the adequacy of the operative complaint. (*See generally* Dkt.) And despite Honeywell's repeated admonishments of the complaint's inadequacy, that alone is not equivalent to the dismissal in *In re Medtronic* or the concession in *Bergin* that counseled against discovery. Thus, Honeywell has failed to demonstrate good cause warranting the issuance of a protective order based upon Intellicheck's allegedly improper discovery tactics.

Nor does the Second Amended Complaint's potential to narrow the scope of discovery warrant a protective order. (*See* 2d MFPO at 11.) Honeywell is correct that the Second Amended Complaint removed all contributory infringement counts. (*See id.*

at 11; *see also, e.g.*, SAC at 15.) But that fact alone does not articulate what clearly defined and serious injury Honeywell would suffer if a protective order is not issued. *See Miller*, 2014 WL 11515634, at *2. Therefore, the court cannot issue a protective order simply because the Second Amended Complaint has the potential to narrow the scope of discovery.

Lastly, Honeywell's potential filings in the future do not constitute good cause for the issuance of a protective order. (*See* 2d MFPO at 11-12.) Honeywell repeatedly asserts in its briefing that it will be filing a motion to dismiss the operative complaint or a motion to stay the proceedings based upon the CBM review process, and that either motion warrants a protective order at this time. (2d MFPO at 11-12; 2d MFPO Reply at 3-4.) Honeywell is mistaken. First, a pending motion to dismiss "is not grounds for staying discovery." *Old Republic Title, Ltd. v. Kelley*, No. C10-0038JLR, 2010 WL 4053371, at *4 (W.D. Wash. Oct. 13, 2010); *see also Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery."). Here, Honeywell does not demonstrate why its pending motion to dismiss, filed just a day ago, would run counter to the general rule as stated in *Old Republic Title*.[4] *See* 2010 WL 4053371, at *4.

---

[4] Honeywell purports that a stay of discovery is appropriate pending the resolution of a potentially dispositive motion. (2d MFPO at 6 (citing *Johnson v. N.Y. Univ. Sch. Of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).) But this assertion is only true if the motion "appear[s] to have substantial grounds." *Johnson*, 205 F.R.D. at 434. Given that no motion to dismiss had been filed at the time of the briefing—and one was just recently filed with no response or reply—the court is unable to ascertain whether the motion appears to have substantial grounds. Thus, the court rejects this argument.

ORDER - 11

Moreover, the parties significantly disagree about whether a petition for CBM review would dispose of this matter. (*Compare* 2d MFPO at 12, *with* 2d MFPO Resp. at 8-9.) The court will not, at this point, wade into the statistical likelihood that this matter will be disposed of, based upon a hypothetical motion to stay proceedings that has not yet materialized. Nor will the court grant a protective order on this elusive basis.

In sum, Honeywell has not demonstrated how it will suffer specific prejudice or harm if a protective order is not issued and in turn, has not shown good cause.[5] Accordingly, the court DENIES Honeywell's renewed motion for a protective order.

Although the court denies both parties' motions, it recognizes the parties' need for guidance in this stalled discovery process. The court finds it patently unreasonable that Honeywell has not identified even a single document that can be produced in response to Intellicheck's RFPs. And since the court has now denied Honeywell's motion for a protective order, the court expects both parties to reconvene on this matter. Honeywell is directed to reexamine the RFPs in an effort to identify documents that can be turned over to Intellicheck as requested. If there is further disagreement, the court gives Intellicheck leave to file another motion to compel with the necessary specificity as detailed above in the order.

//
//
//

---

[5] Because Honeywell has failed to show particularized harm, the court does not need to consider whether the requested disclosure is relevant and necessary, or balance the parties' respective interests. *See Brown Bag Software*, 960 F.2d at 1470.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Intellicheck's motion to compel production of documents (Dkt. # 59) and DENIES Honeywell's second motion for a protective order (Dkt. # 66).

Dated this 21st day of September, 2017.

JAMES L. ROBART
United States District Judge