1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

INTELLICHECK MOBILISA, INC.,

Plaintiff,

v.

HONEYWELL INTERNATIONAL INC.,

Defendant.

CASE NO. 2016-cv-00341 (JLR)

STIPULATED
PROTECTIVE ORDER

1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery. The protection this Stipulated Protective Order affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL", "ATTORNEYS EYES ONLY" AND "SOURCE CODE" INFORMATION

2.1     "Confidential Information"  shall include the following documents and tangible things produced or otherwise exchanged:

a)  Information about the producing party's policies or practices;

b)  Requests for proposals and responses thereto;

c)  Information regarding the producing party's product development, design or specifications;

d)  Any information which the producing party is obligated by contract or state or federal law to keep confidential;

e)     Employee training and evaluation materials;

f)     Medical records or other personal information of any employee, customer or other person; or

g)     Information about the producing party's information technology (IT) systems

2.2     "Attorneys Eyes Only Information": The Parties acknowledge that there may be information produced in discovery for which a higher level of protection is required; such information may be designated as "Attorneys Eyes Only Information".  Attorneys Eyes Only Information designations should be used only for sensitive technical, financial, competitive, or personnel information, which is not generally known by third parties and that the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence either by agreements, policies, or procedures.  Attorneys Eyes Only Information materials shall include the following documents and tangible things produced or otherwise exchanged:

a)  Design files, design drawings, design specifications, manufacturing techniques, laboratory notebooks, prototypes and information related thereto;

b) The financial books and records of the producing party and financial information pertaining to the financial books and records;

c) Information about the revenues, costs, expenses, profits and losses of the producing party;

d) Pricing information;

e) Accounting information that is not made publicly available;

f) Information about the volume and types of sales, sales leads or sales incentives or sales goals;

g) Business and marketing plans or analyses, surveys, customer communications;

h) Short and long-term business plans;

i) Marketing strategies and plans;

j) Information regarding the producing party's customers and competitors;

k) Contracts that the producing party has with customers, drafts thereof, and communications concerning such drafts and contracts;

l) Licensing agreements;

m) Contracts that the producing party has with suppliers, vendors, contractors, or subcontractors, drafts thereof, and communications concerning such drafts and contracts;

n) Materials submitted to regulatory agencies for which heightened Attorneys' Eyes Only protection is necessary.

2.3    "Highly Confidential Source Code Information" means computer source code and/or live data information (that is, data as it exists residing in a database or databases) and information related to source code and/or live data information, which is to be protected in the same manner as Attorneys' Eyes Only Information, subject to additional protections provided below.

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Confidential Information, Attorneys' Eyes Only Information and Highly Confidential Source Code Information (collectively, "Protected Information")(as defined above), but also (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Information.  However, the protections conferred by this Stipulated Protective Order do not cover (i) information that is in the public domain or becomes part of the public domain through trial or otherwise; (ii) information that the receiving party can show was obtained (without being derived from, benefiting from, or using Protected Information) from a third party having the right to disclose such information to the receiving party without restriction or obligation of confidentiality; (iii) information which, after its disclosure to a receiving party, is published to the general public by a party having the right to publish such information; or (iv) information that the receiving party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's Protected Information.

4.    ACCESS TO AND USE OF CONFIDENTIAL, ATTORNEYS EYES ONLY, AND HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION

4.1    Basic Principles.  A receiving party may use Protected Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  A receiving party's outside counsel may use Attorneys Eyes Only Information and Highly Confidential Source Code Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected

1   Information may be disclosed only to the categories of persons and under the conditions

2   described in this Stipulated Protective Order.  Protected Information must be stored and

3   maintained by a receiving party at a location and in a secure manner that ensures that access is

4   limited to the persons authorized under this Stipulated Protective Order.  Pages of transcribed

5   deposition testimony or exhibits to depositions that reveal Attorneys Eyes Only or Highly

6   Confidential Source Code Information must be separately bound by the Court reporter and

7   may not be disclosed to anyone except as permitted under this Stipulated Protective Order

8          4.2    Disclosure of "CONFIDENTIAL" Information.  Unless otherwise ordered by

9   the Court or permitted in writing by the designating party, a receiving party may disclose any

10  Confidential Information only to:

11                (a)    the receiving party's counsel of record in this action, as well as

12  employees of counsel to whom it is reasonably necessary to disclose the information for this

13  litigation, such counsel being responsible for each employee's compliance with this Stipulated

14  Protective Order;

15                (b)    the officers, directors, and employees (including in-house counsel) of

16  the receiving party to whom disclosure is reasonably necessary for this litigation and who

17  have first executed the "Acknowledgment and Agreement to Be Bound" attached hereto as

18  Exhibit "A" and provided same to counsel for the designating party prior to disclosure by the

19  receiving party;

20                (c)    outside experts and consultants to whom disclosure is reasonably

21  necessary for this litigation and who have first signed the "Acknowledgment and Agreement

22  to Be Bound" (Exhibit A);

23                (d)    the Court, Court personnel, and Court reporters and their staff;

24                (e)    copy or imaging services retained by counsel to assist in the duplication

25  of Confidential Information, provided that counsel for the party retaining the copy or imaging

26

STIPULATED PROTECTIVE ORDER - 5
Case No. 2016-cv-00341 (JLR)

1  service instructs the service not to disclose any Confidential Information to third parties and

2  to immediately return all originals and copies of any Confidential Information;

3        (f)     witnesses in the action during their depositions and to whom disclosure

4  is reasonably necessary and who have first signed the "Acknowledgment and Agreement to

5  Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the

6  Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal

7  Confidential Information  must be separately bound by the court reporter and may not be

8  disclosed to anyone except as permitted under this Stipulated Protective Order;

9        (g)     the author or recipient of a document containing the Confidential

10  Information or a custodian or other person who otherwise possessed or knew the Confidential

11  Information;

12        (h)     mock jurors who have signed an undertaking or agreement agreeing not

13  to publicly disclose Confidential Information and to keep any information regarding

14  Confidential Information confidential;

15        (i)     any mediator who is assigned to hear this matter, and his or her staff,

16  subject to their agreement to maintain Confidential Information confidential to the same

17  degree as required by this Protective Order; and

18        (j)     any other person with the prior written consent of the producing party.

19      4.3    Additional Protections For "ATTORNEYS EYES ONLY" Information.  No

20  party receiving any document or thing designated "ATTORNEYS EYES ONLY" shall

21  disclose any such Attorneys Eyes Only Information to any other person or entity, except to

22  the following:

23        (a)     the receiving party's counsel of record in this action, as well as

24  employees of counsel to whom it is reasonably necessary to disclose the information for this

25  litigation, such counsel being responsible for each employee's compliance with this Stipulated

26  Protective Order;

1    (b)    up to two (2) in-house counsel of the receiving party to whom

2   disclosure is reasonably necessary for this litigation and who have first executed the

3   "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit "A" and provided

4   same to counsel for the designating party prior to disclosure by the receiving party;(c)

5        outside experts and consultants to whom disclosure is reasonably necessary for this

6   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

7   A) and provided further that the procedures set forth in Paragraph 5 below have been

8   followed;

9    (d)    the Court, Court personnel, and Court reporters and their staff;

10    (e)    copy or imaging services retained by counsel to assist in the duplication

11   of confidential material, provided that counsel for the party retaining the copy or imaging

12   service instructs the service not to disclose any Attorneys Eyes Only Information to third

13   parties and to immediately return all originals and copies of any Attorneys Eyes Only

14   Information;

15    (f)    the author or recipient of a document containing the Attorneys Eyes

16   Only Information or a custodian or other person who otherwise possessed or knew the

17   Attorneys Eyes Only Information;

18    (g)    mock jurors who have signed an undertaking or agreement agreeing not

19   to publicly disclose Attorneys Eyes Only Information and to keep any information regarding

20   Attorneys Eyes Only Information confidential;

21    (h)    any mediator who is assigned to hear this matter, and his or her staff,

22   subject to their agreement to maintain confidentiality to the same degree as required by this

23   Stipulated Protective Order; and

24    (i)    any other person with the prior written consent of the producing party.

25    4.4    Additional Protections for Highly Confidential Source Code.

26

1       (a)     Access to information designated  Highly Confidential Source Code

2 Information shall be limited to outside counsel and up to three (3) outside experts or

3 consultants retained for the purpose of this litigation and approved to access such Highly

4 Confidential Source Code Information pursuant to paragraph 5 of this Stipulated Protective

5 Order.Experts are defined as an Expert and his or her staff that are working under the Expert's

6 direction such that an Expert and his staff account for one (1) of the three outside experts.

7 Nothing in this Stipulated Protective Order shall obligate the parties to produce any Highly

8 Confidential Source Code Information nor act as an admission that any particular Highly

9 Confidential Source Code Information is discoverable.

10       (b)     A producing party shall produce Highly Confidential Source Code

11 Information by making it available electronically on at least two (2) stand-alone, non-

12 networked computers provided by the producing party ("the Source Code Computer").

13 Highly Confidential Source Code Information must be produced as they are stored in the

14 ordinary course of business.  Each producing party's Source Code Computers (which will

15 contain only its Highly Confidential Source Code Information) shall be stored and secured

16 outside counsel's office for the producing party(termed "the Designated Facility").  Such

17 Highly Confidential Source Code Information  shall be made available for inspection by the

18 persons to whom disclosure is authorized pursuant to this Stipulated Protective Order, at a

19 mutually convenient time at the Designated Facility.  Prior to the first inspection of any

20 Highly Confidential Source Code Information, the reviewing party shall provide fifteen (15)

21 days notice of the Highly Confidential Source Code Information that it wishes to inspect.  The

22 reviewing party shall provide five (5) days written notice prior to any additional inspections

23 of previously disclosed Highly Confidential Source Code Information.

24       (c)     Highly Confidential Source Code Information shall be provided with

25 the following additional protections:

26

i.   The Source Code Computer provided by the producing party shall run a reasonably current version of a mutually agreed upon operating system, such as Microsoft Windows 10 with the Windows Subsystem for Linux (WSL) installed.

ii.   The producing party shall produce Highly Confidential Source Code Information as it is stored in the ordinary course of business and shall deliver one copy of the Highly Confidential Source Code Information to the Designated Facility for review on the Source Code Computer. For sake of clarity, the producing party may provide the Highly Confidential Source Code Information in read-only form, so long as that form is easily searchable and reviewable.

iii.   With at least seven (7) days notice to the producing party, the receiving party may request installation and use of appropriate software tools on the Source Code Computer, including compilers, debuggers, text editors and multi-file text search tools such as "grep" so long as the receiving party agrees that no edits may be performed on the source code.  Specific tools may include, but are not limited to: dtSearch, Understand for Java, Understand for C, Visual Slick Edit, Source- Navigator, PowerGrep, ExamDiff Pro, and Notepad++, or similar programs.  The receiving party shall be obligated to pay – in advance – for any and all installation of the software tools on the Source Code Computer contemplated by this section.

iv.   Each consultant, expert, or attorney will record on a log every page of Highly Confidential Source Code Information that has been

1    printed ("Print Logs"). Print Logs should be secured in a locked and

2    secure room when not in use.

3    v.    Any external storage media containing Highly Confidential Source

4    Code Information shall be disconnected from and/or removed from

5    its Source Code Computer and stored in a locked room, safe or

6    storage cabinet when it is not actually being accessed.

7    vi.    The Source Code Computer and the safe or storage cabinet must be

8    kept in a locked and secure room.

9    (d)    No electronic copies may be made of the Highly Confidential Source

10   Code Information, other than volatile copies necessarily made in the course of loading,

11   accessing, compiling, modeling and/or executing the Highly Confidential Source Code

12   Information or running data processing systems that use or incorporate the Highly

13   Confidential Source Code Information on the Source Code Computer. Each page of printed

14   source code shall be Bates labeled and printed onto paper marked "**HIGHLY**

15   **CONFIDENTIAL – SOURCE CODE**" on each page.  Printing of Highly Confidential

16   Source Code Information may be undertaken only for purposes of preparing expert reports

17   and/or for motions practice.  No party may print Highly Confidential Source Code

18   Information as a substitute for reviewing it electronically on the Source Code Computer.  No

19   party may copy lengthy blocks of Highly Confidential Source Code Information into notes

20   (whether paper or electronic), and no party may othewise reproduce Highly Confidential

21   Source Code Information.  Printed pages shall be stored in a locked safe or storage cabinet

22   when not actually in use. The Designated Facility shall maintain a log of all individuals who

23   have accessed the Source Code Computer. The log shall be made available upon request,

24   unless the Designated Facility is that of the producing party or the producing party's counsel,

25   in which case, the producing party or its counsel shall be entitled to maintain a log of all

26   individuals who have accessed the Source Code Computers.  The log shall include the name

1   of each person who accessed the Source Code Computers.  At the end of the above-styled

2   litigation (including any related appeals), any entity receiving Highly Confidential Source

3   Code Information will certify that: (a) all printed copies of Highly Confidential Source Code

4   Information have been destroyed, with the exception of exhibits that were attached to filed

5   pleadings or admitted into evidence; (b) any access logs maintained by counsel have been

6   archived along with counsel's other records from this litigation.  Other than as set forth in this

7   subparagraph, counsel may not maintain a file copy of Highly Confidential Source Code

8   Information.  For printed Highly Confidential Source Code Information exerpts and for

9   production of documents containing printed Highly Confidential Source Code Information or

10  described Highly Confidential Source Code Information, counsel shall comply with the

11  following:

12          i.   One copy of the printed Highly Confidential Source Code Information

13               or described Highly Confidential Source Code Information shall be

14               produced directly to outside counsel of record for the requesting

15               party;

16          ii.  Outside counsel of record shall maintain and store such material in a

17               manner that prevents unauthorized access, which may include

18               loading such material into a litigation document database so long as

19               the document database is reasonably secured, such as requiring

20               authentication, such that it is only accessible to such persons as is

21               permitted under this Stipulated Protective Order; and

22          iii. No further copies of printed Highly Confidential Source Code

23               Information or described Highly Confidential Source Code

24               Information shall be made, except for the preparation of exhibits for

25               expert reports or filed pleadings.

26

1        4.5   <u>Filing Protected Information</u>.  Before filing Protected Information, or

2   discussing or referencing such Protected Information in Court filings, the filing party shall

3   confer with the designating party to determine whether the designating party will remove the

4   designation applied to the Protected Information, whether the document can be redacted, or

5   whether a motion to seal or stipulation and proposed order is warranted.  Local Civil

6   Rule 5(g) sets forth the procedures that must be followed and the standards that will be

7   applied when a party seeks permission from the Court to file material under seal.

8   5.     <u>PROCEDURE FOR DISCLSOURE OF ATTORNEYS EYES ONLY AND HIGHLY</u>

9   <u>CONFIDENTIAL SOURCE CODE INFORMATION:</u>

10            (a)    Unless otherwise ordered by the Court or agreed to in writing by the
parties, outside counsel for a party that seeks to disclose to an Expert any
information or item that has been designated by a party as Attorneys' Eyes
Only Information or Highly Confidential Source Code Information pursuant to
this Stipulated Protective Order first must make a written request to the
producing party that (i) identifies the general categories of Attorneys' Eyes
Only Information or Highly Confidential Source Code Information that the
party seeks permission to disclose to the Expert, (ii) sets forth the full name of
the Expert and the city and state of his or her primary residence, (iii) attaches a
copy of the Expert's current resume, (iv) identifies the Expert's current
employer(s), and (v) provides a list of the cases in which the Expert has
testified at deposition or trial within the last five (5) years.

          (b)    A party that makes a request and provides the information specified in
the preceding respective paragraph may disclose the subject Attorneys' Eyes
Only or Highly Confidential Source Code Information to the identified Expert
unless, within ten (10) days of delivering the request, the party receives a
written objection from the producing party.  Any such objection must set forth
in detail the grounds on which it is based.

          (c)    A party to the underlying action that receives a timely written objection
must meet and confer with the producing party (through direct voice to voice
dialogue) to try to resolve the matter by agreement within seven (7) days of the
written objection.

          (d)    If no agreement is reached, the party objecting to the disclosure to the
Expert shall file a motion to the Court within seven (7) days stating the reason
why the Expert should not be entitled to review such information. If the
objecting party does not timely file its motion, its objection to disclosure of the

subject Attorneys' Eyes Only Information or Highly Confidential Source Code Information to the identified Expert shall be waived. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert would cause unreasonable risk of harm, irreparable harm, or prejudice, and suggest any additional means that could be used to reduce that risk. In any such proceeding, the producing party shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the party's need to disclose the Attorneys' Eyes Only or Highly Confidential Source Code Information to its Expert.

6.   DESIGNATING PROTECTED INFORMATION

   6.1   Exercise of Restraint and Care in Designating Protected Information.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

   Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

   If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

   6.2   Manner and Timing of Designations.  Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced unless

1  such production results from an inspection permitted under Fed. R. Civ. P. 34, in which case

2  the producing party shall have a reasonable time after such inspection and a related request for

3  copies of inspected documents and things of no less than seven (7) days to make its

4  designations.

5      (a)  <u>Information in documentary form</u>:  (*e.g.*, paper or electronic documents

6  and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

7  proceedings), the designating party must affix the word "CONFIDENTIAL" or

8  "ATTORNEYS EYES ONLY" to each page that contains such Information.  If only a portion

9  or portions of the material on a page qualifies for protection, the designating party also must

10 clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins)

11 ; provided, however, that a party may designate documents produced in this matter as

12 Confidential or Attorneys Eyes Only Information on a family level (e.g. an email and its

13 attachment(s)) in order to reduce cost and burden during the review and production process.

14 The parties acknowledge that the designation by a producing party of a document as

15 Confidential, or Attorneys Eyes Only Information does not impose any obligation upon the

16 Court, if the document is filed in this case or if it or any portion of it is quoted in any

17 document filed with the Court, to permit the sealing of said document(s), which sealing is

18 governed by Local Rule 5 or other order of this Court.

19      (b)  <u>Testimony given in deposition or in other pretrial or trial proceedings</u>:

20 the parties must identify on the record, during the deposition, hearing, or other proceeding, all

21 Protected Information, without prejudice to their right to so designate other testimony after

22 reviewing the transcript.  With respect to deposition testimony, such testimony will be treated

23 as Attorneys Eyes Only Information, regardless of whether it is designated as such during the

24 deposition, up to and until thirty (30) days after the party or non-party receives the transcript

25 of the deposition.  Any party or non-party, within fifteen days after receiving a deposition

26

1  transcript, may specifically designate portions of the transcript, or exhibits thereto, as

2  Protected Information pursuant to this Stipulated Protective Order.

3              (c)    Other tangible items:  the producing party must affix in a prominent

4  place on the exterior of the container or containers in which the information or item is stored

5  the word "CONFIDENTIAL," or "ATTORNEYS EYES ONLY." If only a portion or

6  portions of the information or item warrant protection, the producing party, to the extent

7  practicable, shall identify the protected portion(s).

8        6.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

9  designate qualified information or items does not, standing alone, waive the designating

10  party's right to secure protection under this Stipulated Protective Order for such material.

11  Upon timely correction of a designation, the receiving party must make reasonable efforts to

12  ensure that the material is treated in accordance with the provisions of this Stipulated

13  Protective Order.

14  7.    CHALLENGING DESIGNATIONS OF PROTECTED INFORMATION

15        7.1    Timing of Challenges.  Any party or non-party may challenge a designation of

16  Protected Information at any time.  Unless a prompt challenge to a designating party's

17  Protected Information is necessary to avoid foreseeable, substantial unfairness, unnecessary

18  economic burdens, or a significant disruption or delay of the litigation, a party does not waive

19  its right to challenge a Protected Information designation by electing not to mount a challenge

20  promptly after the original designation is disclosed.

21        7.2    Meet and Confer.  The parties must make every attempt to resolve any dispute

22  regarding Protected Information designations without court involvement.  Any motion

23  regarding Protected Information designations or for a protective order must include a

24  certification, in the motion or in a declaration or affidavit, that the movant has engaged in a

25  good faith meet and confer conference with other affected parties in an effort to resolve the

26  dispute without court action.  The certification must list the date, manner, and participants to

1   the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone

2   conference.

3       7.3     Judicial Intervention.  If the parties cannot resolve a challenge without court

4   intervention, the designating party may file and serve a motion to retain the protections

5   afforded by this Stipulated Protective Order under Local Civil Rule 7 (and in compliance with

6   Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on

7   the designating party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to

8   harass or impose unnecessary delay, expenses and/or burdens on other parties) may expose

9   the challenging party to sanctions.  All parties shall continue to maintain the material in

10  question as its original designation requires under this Stipulated Protective Prder until the

11  Court rules on the challenge.

12  8.     PROTECTED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN
        OTHER LITIGATION
13

14      If a party is served with a subpoena or a court order issued in other litigation that

15  compels disclosure of any information or items designated in this action as Protected

16  Information that party must:

17          (a)     promptly notify the designating party in writing and include a copy of

18  the subpoena or court order;

19          (b)     promptly notify in writing the party who caused the subpoena or order

20  to issue in the other litigation that some or all of the material covered by the subpoena or

21  order is subject to thisStipulated Protective Order.  Such notification shall include a copy of

22  this Stipulated Protective Order; and

23          (c)     cooperate with respect to all reasonable procedures sought to be

24  pursued by the designating party whose Protected Information may be affected.

25  9.     UNAUTHORIZED DISCLOSURE OF PROTECTED INFORMATION

26      If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected

1   Information to any person or in any circumstance not authorized under this Stipulated

2   Protective Order, the receiving party must immediately (a) notify in writing the designating

3   party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies

4   of the  Protected Information, (c) inform the person or persons to whom unauthorized

5   disclosures were made of all the terms of this Stipulated Protective Order, and (d) request that

6   such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is

7   attached hereto as Exhibit A.

8   10.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
        PROTECTED INFORMATION
9

10   When a producing party gives notice to receiving parties that certain inadvertently

11   produced material is subject to a claim of privilege or other protection, the obligations of the

12   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

13   provision is not intended to modify whatever procedure may be established in an e-discovery

14   order or agreement that provides for production without prior privilege review.  The parties

15   stipulate to the entry of an order regarding the applicability of Fed.R.Evid. 502(d) to this case,

16   in the language set forth in this Stipulated Protective Order below.

17   11.   TERMINATION AND DESTRUCTION OF DOCUMENTS

18   Within 60 days after the termination of this action, including all appeals, each

19   receiving party must certify destruction of all Protected Information to the producing party,

20   including all copies, extracts and summaries thereof.

21   Notwithstanding this provision, counsel are entitled to retain one archival copy of all

22   documents filed with the Court, trial, deposition, and hearing transcripts, correspondence,

23   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

24   work product, even if such materials contain Confidential or Attorneys Eyes Only

25   Information; all Highly Confidential Source Code Information must be redacted or destroyed

26   and a certification of such destruction must be provided by the receiving party; *FURTHER*

1  *PROVIDED*, counsel for a party may certify that Confidential or Attorneys Eyes Only

2  Information attached to email and stored in counsel's email systems will continue to be

3  maintained securely and consistent with the provisions of this Order.

4  12.      OBLIGATIONS SURVIVE: The obligations imposed by this Stipulated Protective

5  Order shall remain in effect until a designating party agrees otherwise in writing or a Court

6  orders otherwise.

7        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9  DATED: <u>December 6, 2017</u>        <u>*/s/ Amber N. Davis*</u>
                                                          Attorneys for Plaintiff

10

11  DATED: <u>December 6, 2017</u>        <u>*/s/ David R. Yohannan*</u>
                                                            Attorneys for Defendant

12

13  PURSUANT TO STIPULATION, IT IS SO ORDERED.

14  IT IS FURTHER ORDERED that pursuant to Fed.R.Evid. 502(d), the production of any

15  documents in this proceeding shall not, for the purposes of this proceeding or any other

16  proceeding in any other court, constitute a waiver by the producing party of any privilege

17  applicable to those documents, including the attorney-client privilege, attorney work product

18  protection or any other privilege or protection recognized by law.

19

20  DATED: 7 December 2017        _____

21                                [Name of Judge] James L. Robart
                                 United States District Judge

22

23

24

25

26

1

## EXHIBIT A

2

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I, _____ [print or type full name], of

4

_____

5

[print or type full address], declare under penalty of perjury that I have read in its entirety and

6

understand the Stipulated Protective Order that was issued by the United States District Court

7

for the Western District of Washington on [date] in the case of *Intellicheck Mobilisa, Inc. v.*

8

*Honeywell International Inc.,* Case No. 2016-cv-00341 (JLR).  I agree to comply with and to

9

be bound by all the terms of this Stipulated Protective Order and I understand and

10

acknowledge that failure to so comply could expose me to sanctions and punishment in the

11

nature of contempt.  I solemnly promise that I will not disclose in any manner any information

12

or item that is subject to this Stipulated Protective Order to any person or entity except in

13

strict compliance with the provisions of this Order.

14

I further agree to submit to the jurisdiction of the United States District Court for the

15

Western District of Washington for the purpose of enforcing the terms of this Stipulated

16

Protective Order, even if such enforcement proceedings occur after termination of this action.

17

18

Date: _____

19

City and State where sworn and signed: _____

20

Printed name:_____

21

Signature:         _____

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 19
Case No. 2016-cv-00341 (JLR)